IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK EARL FRANCIS, :
    Petitioner : CIVIL NO. 4:08-CV-2128
  :
v. : (Judge Jones)
  :
UNITED STATES OF AMERICA, *et al.*, :
    Respondent :

## MEMORANDUM

April **14**, 2009

Petitioner Patrick Earl Francis, an inmate confined at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, commenced this *pro se* action by filing a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2241. He has paid the required filing fee. (*See* Doc. 4.) The Petition currently is before the Court for screening. For the reasons set forth below, the petition will be summarily dismissed without requiring a response from Respondent.

I. **BACKGROUND**

Petitioner states that he was convicted in December 1994 in the Western District of Virginia of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C). (Doc. 1 at 2.) According to

Petitioner, he was sentenced on April 16, 1995 to a term of life imprisonment on the conspiracy offense and a thirty (30) year term of imprisonment on the possession offense to run concurrently with each other. (*Id.*) Petitioner states that, on appeal, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentences imposed and that "all other post-conviction remedies and collateral attacks were denied." (*Id.* at 3.)

On November 24, 2008, Petitioner filed the instant § 2241 Petition in which he argues that he is factually and/or legally innocent as a result of the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Kimbrough v. United States*, --- U.S. ---, 128 S. Ct. 558 (2007). He further argues that his claim is properly raised in a § 2241 petition because these cases were decided after his trial, appeal, and previous § 2255 motion, thus rendering a § 2255 motion an inadequate or ineffective remedy. (*See* Doc. 1 at 4-5, 8.)

## II. DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent

2

part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal criminal defendant claiming that his conviction and/or sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed his sentence to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). A defendant can challenge a conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251. Habeas corpus under § 2241 is "reserved for rare cases," and therefore, this "safety-valve" provision of § 2255 must be strictly construed. *In re Dorsainvil*, 119 F.3d at 250, 251.

A § 2255 motion is inadequate or ineffective only where the petitioner shows that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent

gatekeeping requirements of the amended § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

Petitioner argues that in *Kimbrough*, the Court interpreted § 841(b) "as creating separate and distinct offenses with distinguishable elements and different statutory ranges of penalties" and thus constitutes an intervening change in the law.[1] (Doc. 1 at 8.) Petitioner also claims that an intervening change in the law occurred after the decision in *Apprendi*, in which the Court held that any factor increasing a defendant's sentence beyond the statutory minimum, other than prior convictions, had to be determined by a jury beyond a reasonable doubt. (*Id.* at 7.) Petitioner claims that, as a result of these intervening changes in the law, "he is factually and/or legally innocent of violating § 841(b)(1)(A) because the jury [at his trial] did not find, beyond a reasonable doubt, all the necessary elements to support an aggravated conviction under 21 U.S.C. § 841(b)(1)(A)." (*Id.* at 9.) He also submits that he is

---

[1] In *Kimbrough*, the Court clarified that, following its decision in *United States v. Booker*, 543 U.S. 220 (2005), where it held that the mandatory Sentencing Guidelines system violated the Sixth Amendment and thus should be advisory rather than mandatory, the Guidelines now should be considered in conjunction with other statutory considerations in determining the appropriate sentence. *Kimbrough*, 128 S. Ct. at 569-70. Accordingly, the Court held that district courts have discretion to deviate from the Guidelines based on their disagreement with the disparity between the Guidelines' treatment of crack and powder offenses. *Id.* at 573.

4

entitled to relief under § 2241 rather than § 2255 because this claim was unavailable to him at the time of his previous § 2255 motion. (*Id.* at 8, 10.)

However, the Third Circuit Court of Appeals already has rejected this argument where the intervening change in the law affects sentencing rather than decriminalizing the conduct that led to the conviction. In *Okereke*, the petitioner argued that he was entitled to relief under § 2241 because *Apprendi* had resulted in an intervening change in the law that he could not have predicted and could not have used as the basis for his original § 2255 motion. *Okereke*, 307 F.3d at 119. The District Court agreed that Okereke's case fit within the narrow exception set forth in *In re Dorsainvil*, where the Third Circuit found that the petitioner was entitled to pursue relief under § 2241 because an intervening change in the substantive law decriminalized the conduct that led to his conviction, and relief under § 2255 was unavailable to him because the change did not constitute a "new rule of constitutional law." *Id.* at 120; *see also In re Dorsainvil*, 119 F.3d at 247-48, 251. However, the Third Circuit disagreed, holding that, where the intervening change in the law in *Apprendi* dealt with sentencing, § 2255 was not inadequate or ineffective for the petitioner to raise his *Apprendi* argument. *Okereke*, 307 F.3d at 121.

Therefore, in this case, where the intervening change in the law that occurred following *Apprendi* and *Kimbrough* relates to sentencing, Petitioner has not shown

5

that § 2255 is inadequate or ineffective to raise his claim. Accordingly, this Court does not have jurisdiction over Petitioner's current claim, and his Petition under § 2241 will be dismissed. An appropriate Order shall enter.